WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vanessa Long, | No. CV-22-00854-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Vanessa Long's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 11).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 19, 21, 23), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained herein, the decision is reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

# I. LEGAL STANDARDS

## A.  Disability Analysis:  Five-Step Evaluation

The Social Security Act provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity.  42 U.S.C. § 423(d)(1)(A).  The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months.  *Id*.

To decide if a claimant is entitled to Social Security disability benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a).  The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**:  Is the claimant engaged in "substantial gainful activity"?  If so, the analysis ends and disability benefits are denied.  Otherwise, the ALJ proceeds to step two.
>
> **Step Two:**  Does the claimant have a medically severe impairment or combination of impairments?  A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step.  Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to

---

[1] *Parra v. Astrue*, 481 F.3d 742,746 (9th Cir. 2007).

be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:**  Does the impairment prevent the claimant from performing work which the claimant performed in the past?  If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis.  20 C.F.R. § 404.1520(f).  Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience?  The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g).  Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience.  *Id*.

**B.  Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990).  Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993).  If there is sufficient evidence to support the

---

[2] *Parra*, 481 F.3d at 746.

ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II.  DISCUSSION

### A. Procedural History

Plaintiff filed an application for disability benefits in April 2019 alleging disability beginning on March 26, 2019. (A.R. 267, 291). Plaintiff alleged disability resulting from heart problems, epilepsy, bunion, back problems, and dyslexia. (A.R. at 290). The Commissioner denied Plaintiff's claim at the initial and reconsideration phases of administrative review. (A.R. at 181-89; 192-97). Plaintiff sought further review by an ALJ, who conducted a hearing in February 2021. (A.R. 71-106).

In a May 4, 2021 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 18-32). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (A.R. 1-7). On May 17, 2022, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

## B.  The ALJ's Application of the Five-Step Disability Analysis

### 1.  Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 26, 2019 (the alleged disability onset date).  (A.R. 20).  Neither party disputes this determination.

### 2.  Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: cardiomyopathy, bilateral hallux valgus, and low body mass index.  (A.R. 20).  The ALJ's Step Two determination is undisputed.

### 3.  Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations.  (A.R. 21).  Neither party disputes the ALJ's determination at this step.

### 4.  Steps Four and Five:  Capacity to Perform Past Relevant Work and Other Work

The ALJ found that Plaintiff has retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that Plaintiff can

> sit, stand, or walk for six hours. [Plaintiff] claimant can occasionally operate foot controls bilaterally. She can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. She must never climb ladders, ropes, or scaffolds. She can frequently balance. [Plaintiff] can never work at unprotected heights. She can frequently work with moving, mechanical parts. She can occasionally operate a motor vehicle.

(A.R. 23).  After considering Plaintiff's RFC, the ALJ determined at Step Four that Plaintiff is unable to perform her past relevant work as a furniture salesperson.  (A.R. 30).

Considering the Plaintiff's age, education, work experience, RFC, and testimony from the VE, the ALJ concluded at Step Five that Plaintiff could work as a telephone solicitor.  (A.R. 31).  The ALJ found that pursuant to Medical-Vocational Rule 201.15,

Plaintiff is not disabled.  (*Id.*).  The parties agree that the ALJ committed reversible error at Step Five.  (Doc. 19 at 4-5; Doc. 21 at 2).

### C.  Analysis

In determining whether a claimant retains the ability to perform other work, an ALJ may refer to the Medical-Vocational Guidelines (the "Grids") in certain cases.  20 C.F.R. Part 404, Subpart P, Appendix 2; *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576-77 (9th Cir. 1988).  The Grids determine whether or not the claimant is disabled based on the claimant's exertional physical ability, age, education, and work experience.  20 C.F.R. Part 404, Subpart P, Appendix 2. The Grids are intended to streamline the administrative process and encourage uniform treatment of claims.  *See Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983) (discussing the creation and purpose of the Grids).

According to Medical Vocational Rule 201.15, a person is not disabled if the person (i) is closely approaching advanced age (50-54 years old); (ii) has at least a high school education; (iii) is limited to sedentary work; (iv) has past work experience that is skilled or semiskilled; and (v) has skills that are transferable.  20 C.F.R. Part 404, Subpart P, Appendix 2. However, if that same person does not have transferrable skills, Medical Vocational Rule 201.14 directs a finding that the person is disabled.  *Id.*  "[W]here application of the grids directs a finding of disability, that finding must be accepted by the Secretary." *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989).

Here, the VE identified only one occupation (telephone solicitor) to which Plaintiff's skills were transferrable.  (A.R. 103).  Plaintiff states that a finding of "not disabled" under the Grids requires a claimant's skills to be transferable to a "significant range of work." (Doc. 19 at 4).  In *Maxwell v. Saul*, 971 F.3d 1128, 1131 (9th Cir. 2020), the Ninth Circuit Court of Appeals explained that a "'range' necessarily requires more than one occupation."  Defendant agrees with Plaintiff that "[t]his is a *Maxwell* case" and that the ALJ committed reversible error by only identifying one occupation that Plaintiff could perform at Step Five.  (Doc. 21 at 2-3).  The Court will reverse the ALJ's decision.

**D.  The Case Will Be Remanded for an Award of Benefits**

The Court has the discretion to remand a case for additional evidence or to award benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).  In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."  775 F.3d at 1105.

Although Defendant concedes that the ALJ's decision contains reversible error, Defendant argues that the matter should be remanded for additional proceedings rather than for an award of benefits. Defendant recounts that at the administrative hearing, the ALJ asked the VE three hypotheticals.  In the first hypothetical, the ALJ asked the VE whether an individual with light exertional limits and Plaintiff's non-exertional limits could perform Plaintiff's past relevant work.  (Doc. 21 at 5) (citing A.R. 100-01).  The VE answered affirmatively.  Next, the ALJ asked the VE whether the hypothetical individual could still perform Plaintiff's past relevant work if the individual required an assistive device.  (A.R. 101).  The VE stated that such an individual would not be able to perform Plaintiff's past work.  The ALJ's final hypothetical to the VE asked: "[A]re there any transferrable skills to the sedentary exertional level for a furniture salesperson?"  (*Id.*).  The VE testified that telephone solicitor is the only sedentary job in which Plaintiff has the transferable skills to perform.  (A.R. 103).

Defendant notes that the ALJ's assessed RFC provides that Plaintiff is limited to sedentary work "except that [Plaintiff] can sit, stand, or walk for six hours."  (Doc. 21 at 5) (citing A.R. 23).  Defendant asserts that additional administrative proceedings are necessary because the ALJ did not provide the VE with Plaintiff's exact RFC.  (*Id.* at 6).  Defendant further asserts that it is unclear whether the exertional level in the RFC is properly classified as sedentary rather than light.  (*Id.*).  Defendant notes that for sedentary

1   work, "periods of standing or walking should generally total no more than about 2 hours

2   of an 8-hour workday[.]" (*Id.*) (citing SSR 83-10, *available at* 1983 WL 31251, at *5).

3         Plaintiff's RFC, however, states that Plaintiff is limited to sedentary work, except

4   that Plaintiff "can **sit**, stand, or walk for six hours." (A.R. 23). Because this limitation

5   includes sitting in a six-hour period, it is not irreconcilable with the provision in SSR 83-

6   10 stating that for sedentary work, periods of standing or walking should generally total no

7   more than 2 hours of an 8-hour workday. Moreover, the ALJ's decision states that the RFC

8   "limits [Plaintiff] to less than the full range of sedentary work" and Plaintiff's "additional

9   limitations do not allow the claimant to perform the full range of sedentary work." (A.R.

10   30-31). When the VE asked the ALJ at the hearing "are you looking at transfer ability to

11   sedentary or still at light?", the ALJ stated "just sedentary." (A.R. 102). The Court does

12   not find that the assessed RFC and the final hypothetical to the VE are materially

13   inconsistent.

14         The Court finds that the record is fully developed and that there are no outstanding

15   issues of fact to be resolved through further proceedings. The Court does not find any

16   material evidence in the record that creates serious doubt that Plaintiff was in fact disabled

17   beginning on March 26, 2019. Based on the record, the Court finds it inappropriate to

18   remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

19   Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair

20   'heads we win; tails, let's play again' system of disability benefits adjudication.");

21   *Henderson v. Berryhill*, 691 F. App'x 384, 386 (9th Cir. 2017) ("Given this fully developed

22   record, the admission of more evidence would not be 'enlightening,' *Treichler*, 775 F.3d

23   at 1101, and 'remand for the purpose of allowing the ALJ to have a mulligan [does not

24   qualify] as a remand for a 'useful purpose,' *Garrison*, 759 F.3d at 1021."). The Court will

25   remand the case for an immediate award of benefits effective March 26, 2019 (the disability

26   onset date).

27

28

### III.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective March 26, 2019.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 11th day of May, 2023.

_____

Eileen S. Willett
United States Magistrate Judge